# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. 14-13-RGA |
| v. | : | |
| | : | |
| JAMES WILSON, | : | |
| a/k/a "Omari" a/k/a "O," | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

**NOW COMES** the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Mark M. Lee, Assistant United States Attorney for the District, and submits this Memorandum of Law in Opposition to Defendant James Wilson's Motion to Dismiss the Superseding Indictment (D.I. 152). For the reasons set forth more fully below, the United States respectfully requests that the Court deny the Defendant's motion in full, and schedule this matter for trial.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On March 13, 2014, the Grand Jury for the District of Delaware returned a twelve-Count Indictment in this case, which charged Defendant James Wilson – along with his co-Defendants Edward Sturgis, Leshawn Ingram, Christopher Glover, Robert Ingram, James Wilson, Terah Moore, Keith Adkins, Dwayne Dixon, Jamar Cannon, Corey Curtis, and Aaron Cannon – with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). In the original Indictment, the Grand Jury found probable cause that Defendant Wilson committed the alleged offense on or about February 16, 2014.

On May 15, 2014, the Grand Jury returned a twenty-three Count Superseding Indictment in this matter; Defendant Wilson was charged in three Counts. Count One of the Superseding Indictment charges Defendant Wilson with Conspiracy to Possess a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Section 846. As listed in Count One, Defendant Wilson conspired with his co-Defendants Sturgis, Leshawn Ingram, Christopher Glover, Robert Ingram, and Corey Curtis, to distribute cocaine in Kent County, Delaware between the dates of January 13, 2014, through March 6, 2014. Count Two of the Superseding Indictment charges Defendant Wilson with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). In Count Two, Defendant Wilson is alleged to have possessed over 500 grams of cocaine, a charge that carries with it a five-year mandatory minimum sentence of incarceration. Count Twelve of the Superseding Indictment charges Defendant Wilson with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). This transaction is alleged to have occurred on February 20, 2014.

On May 24, 2014, Defendant Wilson sent a letter directly to the Court raising certain issues with respect to what he characterizes as a "Mega-Scandal" involving a state-run drug laboratory. (*See* D.I. 151 at 1.) In his *pro se* letter, Defendant Wilson apprised the Court of his belief that the scandal involving the state-run narcotics laboratory somehow entitled him to a dismissal of the charges against him, and that he had instructed his attorney, Dennis Caglia, to file a motion to dismiss on his behalf. *Id.* Defendant Wilson then informed the Court of his intention to proceed *pro se* should Mr. Caglia fail to file the motion. *Id.* On June 2, 2014,

attorney Caglia filed the instant motion to dismiss on Defendant Wilson's behalf. (D.I. 152.) The Court ordered the United States to file a response on or by June 23, 2014.

## II. LEGAL ARGUMENT

Without citation to any legal authority, Defendant Wilson insists that "the Government cannot use the Drug evidence or the interception of any conversation concerning drug [sic] by Sturgis or Ingram" in the case against him, and seeks dismissal of the Superseding Indictment as a result. (*See* D.I. 152 at ¶¶ 22-23.) In support of this contention, Defendant Wilson spends multiple paragraphs identifying claims relating to the sufficiency of the evidence against him, and his belief in the interrelatedness of the instant case with the evidence in certain non-related, state drug trafficking cases. (*See* D.I. 152 at ¶¶ 13-20.) This argument, while creative, is without support in the law.

As this Court is no doubt aware, motions for pretrial dismissal of an indictment based on insufficient evidence must be denied as procedurally improper. *See, e.g.*, *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (reversing dismissal of indictment on sufficiency grounds); *see also, United States v. Woodson*, Crim. Action No. 09-117-SLR, 2010 U.S. Dist. LEXIS 114735 *12 (D. Del. Oct. 28, 2010) (Robinson, J.) ("[A] motion to dismiss is not a permissible vehicle to address the sufficiency of the government's evidence."). It is well established in the Third Circuit that "[u]nless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *DeLaurentis,* 230 F.3d at 660-61. Federal Rule of Criminal Procedure 12(b)(3) only permits dismissal if an indictment's *allegations* are insufficient, not upon the sufficiency of evidence to *prove* such allegations. *Id*.

3

at 661.  Stated differently, the sufficiency of the evidence on which an indictment is based is immaterial as to whether that indictment survives a Rule 12 motion to dismiss.  *Id.* at 660-61.  Hence, the proper procedural vehicle for testing the sufficiency of the Government's evidence is a motion for acquittal under Rule 29, made after the evidence has been presented at trial.  *Id.* (noting that there is no criminal procedure corollary to a motion for summary judgment).

More recently, the Third Circuit has confirmed the inability of criminal defendants to seek pretrial dismissal of federal indictments on sufficiency grounds.  In *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013), the Court of Appeals reiterated the rule set forth in *DeLaurentis* that "a pretrial motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3) allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." (internal citations and quotations omitted).  Indeed, "a district court is prohibited from examining the sufficiency of the government's evidence in a pretrial motion to dismiss."  *Id.*  Motions to dismiss based on the sufficiency of the evidence are disallowed because "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29."  *Id*.

A district court considering a pretrial motion to dismiss is therefore limited to determining whether – assuming all of the facts alleged in the indictment as true – a jury could find that the defendant committed the offense for which he was charged.  *Gillette,* 738 F.3d 63, 74.  Here, the Grand Jury has determined that probable cause exists that between the dates of January 13, 2014, through March 6, 2014, Defendant Wilson conspired with at least five other people to possess cocaine with the intent to distribute.  The Grand Jury also found that on two

4

separate occasions – February 16, 2014 and February 20, 2014 – Defendant Wilson possessed cocaine with the intent to distribute. Those charges track the language of the relevant statues closely, and if proven up at trial, would be legally sufficient to sustain a conviction. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) and 846. Moreover, the allegations contained in each Count of the Superseding Indictment with respect to Defendant Wilson are adequate to inform him of the charges that he will face at trial. And he does not contend otherwise. Thus, his motion to dismiss must be denied.

### III. CONCLUSION

Based on the foregoing, the United States respectfully requests that Defendant Wilson's Motion to Dismiss the Superseding Indictment be denied. A proposed order is attached.

                                      Respectfully submitted,

                                      CHARLES M. OBERLY, III
                                      UNITED STATES ATTORNEY

By:   /s/ Mark M. Lee
        Mark M. Lee
        Assistant United States Attorney

Date: June 23, 2014

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CRIMINAL ACTION NO. 14-13-RGA** |
| v. : | |
| : | |
| **JAMES WILSON,** : | |
| a/k/a "Omari" a/k/a "O," : | |
| : | |
| **Defendant.** : | |

# O R D E R

**AND NOW,** on this _____ day of _____ 2014, upon consideration of Defendant Wilson's Motion to Dismiss the Superseding Indictment (D.I. 152), the United States' Response and Memorandum of Law in Opposition, and any Reply thereto, it is hereby **ORDERED** that the Defendant's motion is **DENIED**.

BY THE COURT:

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE

6