IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION NO. 14-13-RGA |
| v. | : | |
| KEITH ADKINS, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Mark M. Lee, Assistant United States Attorney, and the Defendant, Keith Adkins, by and through his attorney, Edward C. Gill, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count Seven of the Superseding Indictment, which charges him with Possession of a Controlled Substance With Intent To Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2. The Defendant understands that the charge to which he is pleading guilty in Count Seven of the Superseding Indictment carries the following maximum statutory penalties: a maximum sentence of twenty (20) years imprisonment; a maximum fine of $1,000,000; not less than 3 years and not more than a life term of Supervised Release; and a $100 special assessment.

3. The Defendant understands that if he were to proceed to trial on Count Seven of the Superseding Indictment, the United States would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) that the Defendant possessed a mixture or substance

containing a controlled substance; (2) that the Defendant did so knowingly or intentionally; (3) that the Defendant intended to distribute the controlled substance; and (4) that the controlled substance was in fact cocaine.

4. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a). Further, if it is determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the United States agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

5. The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report) the Defendant should expect that the United States will recommend that the Court impose a sentence consistent with the sentencing range set forth in the Sentencing Guidelines. The Defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

6. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court at any subsequent proceeding.

7. The Defendant agrees to waive all rights, title and interest in any such assets associated with Criminal Action No. 14-13-RGA in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, including, but not limited to:

   a. $34,500.00 in United States currency;
   b. $4,504.00 in United States Currency;
   c. $2,065.00 in United States Currency;
   d. a .380 caliber Taurus PT738 pistol, serial number 31025C, loaded with 3 rounds of ammunition;
   e. a .9mm Ruger handgun, serial number 330-12187;
   f. a Bryco Arms, Jennings Nine, .9mm handgun, serial number 1503350, loaded with eleven (11) rounds of ammunition;
   g. a .22 caliber Marlin Firearms Co. 60 Rifle, serial number 14499955;
   h. 122 rounds of assorted ammunition;
   i. a 2006 Dodge Charger, VIN No. 2B3KA43RX6H188278; and
   j. a 2002 Mercedes Benz, VIN No. WDBNG75J12A261578.

The Defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

8. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property

covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

9. The Defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attack, or any other writ or motion in this criminal case after sentencing – including but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code, Section 1291 or a motion under Title 28, United States Code, Section 2255 – except that the defendant reserves the right to file a collateral attack on grounds of ineffective assistance of counsel. Defendant further reserves his right to appeal on the following grounds: 1) the United States appeals the sentence, 2) the Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or 3) the sentence unreasonably exceeds that Sentencing Guideline range determined by the District Court in applying the United States Sentencing Guidelines.

10. The Defendant agrees to pay the Special Assessment of $100.00 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, and if the Defendant is sentenced to a term of incarceration, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect

whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

|  |  |
|---|---|
| _____<br>Edward C. Gill<br>Attorney for Defendant<br><br>_____<br>Keith Adkins<br>Defendant | CHARLES M. OBERLY, III<br>UNITED STATES ATTORNEY<br><br>By: _____<br>Mark M. Lee<br>Assistant United States Attorney<br><br>Dated: 10/31/14 |

AND NOW, this __31st__ day of __October__, 2014, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE