IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. 14-13-RGA |
| v. | : | |
| | : | |
| JAMES WILSON, | : | |
| a/k/a "Omari" a/k/a "O," | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' OMNIBUS RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO SUPPRESS AND MOTION FOR AN EVIDENTIARY HEARING**

**NOW COMES** the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Mark M. Lee, Assistant United States Attorney for the District, and submits this Memorandum of Law in Opposition to Defendant James Wilson's Motion to Suppress (D.I. 180), and Motion for an Evidentiary Hearing. (D.I. 200.)   For the reasons set forth more fully below, the United States respectfully requests that the Court deny the Defendant's motions in full.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On January 13, 2014, pursuant to an order signed on January 10, 2014, by Judge Leonard P. Stark, Title III interceptions commenced on the cellular telephone which was being utilized by Wilson's co-Defendant Edward Sturgis.  Interceptions pursuant to this Initial Wiretap Order continued until February 11, 2014.   Pursuant to an order signed on February 11, 2014, by Judge Stark, Title III interceptions continued on the Sturgis phone, and commenced on the cellular telephone utilized by Leshawn Ingram.  Interceptions pursuant to the Second Wiretap Order continued until March 6, 2014.

On May 15, 2014, the Grand Jury for the District of Delaware returned a twenty-three

Count Superseding Indictment in this matter charging Defendant Wilson with three Counts. Count One of the Superseding Indictment charges Defendant Wilson with Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Section 846.  As listed in Count One, Defendant Wilson conspired with his co-Defendants Sturgis, Leshawn Ingram, Christopher Glover, Robert Ingram, and Corey Curtis, to distribute cocaine in Kent County, Delaware between the dates of January 13, 2014, through March 6, 2014.  Count Two of the Superseding Indictment charges Defendant Wilson with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).In Count Two, Defendant Wilson is alleged to have possessed over 500 grams of cocaine, a charge that carries with it a five-year mandatory minimum sentence of incarceration.

Count Twelve of the Superseding Indictment charges Defendant Wilson with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).  This transaction is alleged to have occurred on February 20, 2014.  The events giving rise to the charge in Count Twelve, are independent from the events at issue in Count Two.

One of the pieces of evidence used to connect Defendant Wilson to the conspiracy charged in Count One, and the transaction alleged in Count Two, is a call that Wilson placed to co-Defendant Leshawn Ingram that was intercepted by law enforcement during the second wiretap period.  Leshawn Ingram never answered the call, and therefore the call was never connected to the Ingram phone line.  However, law enforcement overheard a pre-answer intercept, background conversation between Wilson and an unidentified individual.  The

information obtained from the pre-answer intercept was cited in the Criminal Complaint.  (*See* D.I. ¶ 25.)   The United States concedes that this call should be suppressed and will not rely on it at trial.

## II.   ARGUMENT

### A. Defendant Wilson's Motion to Suppress is Moot and His Latest Motion to Dismiss the Superseding Indictment is Procedurally Infirm.

In his papers, Defendant Wilson argues that because the United States relied on what he characterizes as "illegal oral communications" that the Court should not only suppress the intercepted communication, but should dismiss the Superseding Indictment in its entirety.  (D.I. 180 at ¶ 13.)   As indicated above, the United States will not rely on the February 16, 2014, intercepted call at trial.  Hence, Defendant Wilson's motion to suppress is moot.  However, while Defendant Wilson styles his motion as one to suppress evidence, this is not the ultimate relief that he seeks.  In reality, this motion is yet another repackaged attempt at pretrial dismissal of the Suppressing Indictment, all of which have been previously rejected by this Court.  (D.I. 193 at 1 (denying as "meritless" the argument that sufficiency of the evidence can give rise to dismissal because such theories are "not grounds under federal law for dismissing an indictment").)   The instant request is just as frivolous as the previous two.

As this Court found in ruling on the previous two motions to dismiss, motions for pretrial dismissal of an indictment based on insufficient evidence must be denied as procedurally improper.  *United States v. Gillette*, 738 F.3d 63, 74 (3d Cir. 2013), ("a pretrial motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3) allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *see also*, *United States v. DeLaurentis*, 230 F.3d

3

659, 660-61 (3d Cir. 2000) (reversing dismissal of indictment on sufficiency grounds). Federal Rule of Criminal Procedure 12(b)(3) only permits dismissal if an indictment's *allegations* are insufficient, not upon the sufficiency of evidence to *prove* such allegations. *Id*. at 661.

Because there is no criminal procedure corollary to a motion for summary judgment, a district court considering a pretrial motion to dismiss is therefore limited to determining whether – assuming all of the facts alleged in the indictment as true – a jury could find that the defendant committed the offense for which he was charged. *Gillette,* 738 F.3d 63, 74*.* As set forth in the United States' first response to Defendant Wilson's motion to dismiss, the Grand Jury has determined that probable cause exists that between the dates of January 13, 2014, through March 6, 2014, Defendant Wilson conspired with at least five other people to possess cocaine with the intent to distribute. The Grand Jury also found that on two separate occasions – February 16, 2014 and February 20, 2014 – Defendant Wilson possessed cocaine with the intent to distribute. Those charges track the language of the relevant statues closely, and if proven up at trial, would be legally sufficient to sustain a conviction. Thus, Defendant Wilson is still not entitled to a dismissal of the Superseding Indictment.

> **B. Defendant Wilson Has Not Made a Showing that He is Entitled to an Evidentiary Hearing on the Issue of the Chain of Custody of the Narcotics Seized from Him during the Investigation.**

Here, Defendant Wilson requests that this Court set an evidentiary hearing on the issue of whether the narcotics seized during this investigation were stored in the Delaware State Medical Examiner's Laboratory. (D.I. 200 at ¶ 12.) In support of this motion, Defendant Wilson claims that because the Dover Police Department uses the state laboratory for testing, that the narcotics seized in this case were somehow tainted by what he characterizes in an earlier motion

as a "Mega-Scandal" involving the state-run laboratory. *Id.* at ¶ 5, 11. Defendant Wilson is wrong.

Defendant Wilson's argument fails as a matter of fact. Contrary to Defendant Wilson's conjectural and unsupported claims, the narcotics seized from him during this investigation have never been stored in the Delaware State Medical Examiner's Office. And there is simply nothing in the record to support such an assertion. To the contrary, all of the narcotics seized in this case were tested at federally-run facilities, not state laboratories. The chain-of-custody documents bear this out. At trial, the United States is prepared to establish that all of the narcotics seized in this case were logged into evidence at the Dover Police Department, and remained there until they were taken into custody by agents from the DEA. Once the DEA took custody of the evidence, the agents transferred the seized drugs to the Northeast Regional Laboratory for testing. All of the documents establishing this chain-of-custody have been provided to the defense in discovery. Thus, Defendant Wilson's motion for an evidentiary hearing should likewise be denied.

## III. CONCLUSION

Based on the foregoing, the United States respectfully requests that Defendant Wilson's motions be denied. A proposed order is attached.

                              Respectfully submitted,

                              CHARLES M. OBERLY, III
                              UNITED STATES ATTORNEY

By:   /s/ Mark M. Lee
       Mark M. Lee
       Assistant United States Attorney

Date: November 25, 2014

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CRIMINAL ACTION NO. 14-13-RGA** |
| v.    : | |
| : | |
| **JAMES WILSON,** : | |
| a/k/a "Omari" a/k/a "O," : | |
| : | |
| **Defendant.** : | |

## O R D E R

**AND NOW,** on this _____ day of _____ 2014, upon consideration of Defendant James Wilson's Motion to Suppress (D.I. 180), and Motion for an Evidentiary Hearing. (D.I. 200), the United States' Response and Memorandum of Law in Opposition, and any Reply thereto, it is hereby **ORDERED** that the Defendant's motions are **DENIED**.

BY THE COURT:

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE