IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CRIMINAL ACTION NO. 14-13-RGA |
| v. | : | |
| | : | |
| JAMES WILSON, | : | |
| a/k/a "Omari" a/k/a "O," | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S SUPPLEMENT TO MOTION SUPPRESS AND MOTION TO DISMISS INDICTMENT**

**NOW COMES** the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, and Mark M. Lee, Assistant United States Attorney for the District, and submits this Response in Opposition to Defendant James Wilson's Supplement to Motion to Suppress and Motion to Dismiss Count Twelve of the Superseding Indictment. (D.I. 281.) For the reasons set forth more fully below, the United States respectfully requests that the Court deny the Defendant's motions in full.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On January 13, 2014, pursuant to an order signed on January 10, 2014, by Judge Leonard P. Stark, Title III interceptions commenced on the cellular telephone which was being utilized by Wilson's co-Defendant Edward Sturgis. Interceptions pursuant to this Initial Wiretap Order continued until February 11, 2014. Defendant Wilson was listed as a target subject in the initial wiretap application. Pursuant to an order signed on February 11, 2014, by Judge Stark, Title III interceptions continued on the Sturgis phone, and commenced on the cellular telephone utilized by Leshawn Ingram. Interceptions pursuant to the Second Wiretap Order continued until March 6, 2014.

On May 15, 2014, the Grand Jury for the District of Delaware returned a twenty-three Count Superseding Indictment in this matter charging Defendant Wilson with three Counts. Count One of the Superseding Indictment charges Defendant Wilson with Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Section 846. (D.I. 142.) In Count Two of the Superseding Indictment, Defendant Wilson is charged with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), on or about February 16, 2014. (D.I. 142.)

One of the pieces of evidence used to connect Defendant Wilson to the conspiracy charged in Count One, and the transaction alleged in Count Two, is a call that Wilson placed to co-Defendant Leshawn Ingram that was intercepted by law enforcement during the second wiretap period. Leshawn Ingram never answered the call, and therefore the call was never connected to the Ingram phone line. However, law enforcement overheard a pre-answer intercept, background conversation between Wilson and an unidentified individual. This Court has ruled that the statements intercepted during the February 16, 2014 call should be suppressed. (D.I. 279.)

Count Twelve of the Superseding Indictment charges Defendant Wilson with Possession of a Controlled Substance With Intent to Distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). (D.I. 142.) This transaction is alleged to have occurred on February 20, 2014. *Id.*

The events giving rise to the charge in Count Twelve of the Superseding Indictment are as follows: on February 20, 2014, law enforcement met with an ATF Confidential Informant (the

"CI") to make a controlled purchase of an ounce of crack cocaine from Defendant Wilson. The agreement for this transaction had been made the previous day – *i.e.* on February 19, 2014 – between Wilson and the CI. Prior to the controlled purchase, the CI placed a series of recorded phone calls to Wilson. Once he made contact with the CI, Wilson confirmed the previously-arranged transaction, and directed the CI to meet him at a specific location in Dover, Delaware.

Prior to the purchase, the CI and his/her vehicle were searched by law enforcement with negative results. The CI was given an amount of pre-recorded currency by law enforcement, an electronic recording device, and a video camera. The CI proceeded to the location followed by law enforcement. The CI arrived at the agreed upon location at which time the CI entered the location. Once inside, the CI met with Wilson and minutes later, exited the residence and entered a tan van. The tan van was parked in the drive way of the location. Once inside the tan van, the CI and Wilson exchanged money for an amount of white rock substance in a plastic bag.

The CI then exited the vehicle and proceeded to his/her vehicle. The CI met with law enforcement officers near the meet location. Upon making contact, with law enforcement the CI handed over an amount of white rock substance to law enforcement. The plastic bag of white rock substance was found to weigh approximately 28.2 grams, and a portion of the substance was field tested positive for the presence of cocaine.

## II. ARGUMENT

### A. Defendant Wilson's Argument that the Evidence of the February 20, 2014, Controlled-Purchase of Crack Cocaine Should Be Suppressed Pursuant to the "Fruit of the Poisonous Tree" Doctrine is Baseless.

In his latest attempt at dismissal of the Superseding Indictment, Defendant Wilson contends that because in his view "[t]he Conspiracy [and] the Control [sic] buy was all based off an illegal oral interception" that somehow the fruit of the poisonous tree doctrine entitled him to suppression of the February 20, 2014 evidence. (D.I. 281 at 2.) Without citation to any legal authority, Defendant Wilson argues that a simple but-for-causation analysis of the events leading up to the February 20, 2014 controlled-buy somehow entitles him to suppression. *Id* at 3. Defendant Wilson is wrong.

As an initial matter, Defendant Wilson has not established that the February 20, 2014, controlled-buy is in any way the "fruit" of the February 16, 2014, intercepted call. As this Defendant well knows, he was one of the original targets in the ATF investigation; ATF identified him as one of the criminal associates of his co-Defendant Edward Sturgis. There is nothing in the record whatsoever to support the notion that Defendant Wilson only came to the attention of the ATF on February 16, 2014. Stated differently, Defendant Wilson cannot support his contention that his actions on February 16, 2014, contributed in any way to ATF's controlled-purchase and subsequent seizure of the crack cocaine that he bargained for and freely sold to an ATF CI. Defendant Wilson has not offered any evidence to the contrary. The Court could deny the motion on this basis alone.

Even if this Court were to somehow find that there was a causal connection between the February 16, 2014, intercepted call and the February 20, 2014, controlled-buy, Defendant

4

Wilson's argument still collapses when held up against the long-standing exclusionary rule case law pronounced by the Supreme Court. Contrary to the reasoning in his supplemental motion, the fruit of the poisonous tree inquiry is not a matter of "but for" causation as this Defendant contends. *Hudson v. Michigan*, 547 U.S. 586, 592 (2006). A court "need not hold that all evidence is fruit of the poisonous tree simply because it would not have come to light but for the illegal actions of the police." *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963). Rather, the scope of the exclusionary rule depends upon "whether, granting establishment of the primary illegality, the evidence to which ... objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Id.* at 488. (citation omitted). "In the typical 'fruit of the poisonous tree' case . . . the question before the court is whether the chain of causation proceeding from the unlawful conduct has become so attenuated or has been interrupted by some intervening circumstance so as to remove the 'taint' imposed upon that evidence by the original illegality." *United States v. Crews*, 445 U.S. 463, 471 (1980).

The exclusionary rule does not apply where "the link between the illegality and th[e] evidence was sufficiently attenuated to dissipate the taint," *Segura v. United States*, 468 U.S. 796, 815 (1983), including "when the causal connection is remote" or when "the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained." *Hudson*, 547 U.S. at 592-593. While there is no bright-line rule for the application of the attenuation doctrine, courts generally look to three factors when evaluating whether evidence has been sufficiently purged of the taint from an unlawful search or seizure: "the temporal proximity of the unlawful [search] and the emergence

5

of the incriminating evidence at issue, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct." *Hudson,* 547 U.S. at 592. Ultimately, the Court must assess whether the "evidence sought to be introduced ... 'has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun,* 371 U.S. 471, 488 (1963)).

Here, there are a number of intervening circumstances that can be said to interrupt the chain of causation between the February 16, 2014 intercepted call and the February 20, 2014, controlled-buy. <u>First</u>, the CI and Wilson arranged the purchase on February 19, 2014, three days after the February 16, 2014 call. <u>Second</u>, the CI placed a number of calls to Wilson in order to confirm the deal; Wilson called the CI back to further direct the transaction. <u>Third</u>, four days elapsed between the February 16, 2014 call and the controlled-buy with the CI. <u>Fourth</u>, the ATF agents previously conducted extensive investigations of Defendant Wilson, during which they gained enough information about him from non-wiretap sources. <u>Fifth</u>, the CI obtained his/her own recorded calls with this Defendant, none of which were obtained subject to the original wiretap order signed by Judge Stark. Thus, even if this Court were to conclude that the controlled-buy and February 16, 2014 call were somehow connected in this case, suppression is not warranted because, quite simply, the evidence obtained cannot be considered the fruit of any Title III monitoring. Hence, Defendant Wilson's motion to suppress should be denied.[1]

---

[1] Even if this Court were to find Defendant Wilson's suppression arguments meritorious, he would still not be entitled to a dismissal of the charges against him contained in the Superseding Indictment. As the Court found in ruling on this Defendant's three previous attempts at dismissal of the Superseding Indictment, motions for pretrial dismissal of an indictment based on insufficient evidence must be denied as procedurally improper. *United States v. Gillette*, 738

### III. CONCLUSION

Based on the foregoing, the United States respectfully requests that Defendant Wilson's motions be denied. A proposed order is attached.

                                      Respectfully submitted,

                                      CHARLES M. OBERLY, III
                                      UNITED STATES ATTORNEY

By:    /s/ Mark M. Lee
          Mark M. Lee
          Assistant United States Attorney

Date: December 16, 2014

---

F.3d 63, 74 (3d Cir. 2013), ("a pretrial motion to dismiss pursuant to Federal Rule of Criminal Procedure 12(b)(3) allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *see also*, *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (reversing dismissal of indictment on sufficiency grounds). Defendant Wilson's remedy – if any – is a Rule 29 motion at trial.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CRIMINAL ACTION NO. 14-13-RGA** |
| **v.** : | |
| : | |
| **JAMES WILSON,** : | |
| *a/k/a "Omari" a/k/a "O,"* : | |
| : | |
| **Defendant.** : | |

### <u>O R D E R</u>

**AND NOW,** on this _____ day of _____ 2014, upon consideration of Defendant James Wilson's Supplement to Motion to Suppress and Motion to Dismiss Count Twelve of the Superseding Indictment (D.I. 281.), the United States' Response and Memorandum of Law in Opposition, it is hereby **ORDERED** that the Defendant's motions are **DENIED**.

                                                                           BY THE COURT:

                                                                           _____
                                                                           HONORABLE RICHARD G. ANDREWS
                                                                           UNITED STATES DISTRICT JUDGE
                                                                           DISTRICT OF DELAWARE