IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 14-13-5-RGA |
| ) | |
| JAMES WILSON, ) | |
| ) | |
| Defendant. ) | |

ORDER

I have a supplemental motion to suppress evidence, an exhibit, and an opposition. (D.I. 281, 286, 289).

I previously suppressed an oral statement intercepted during a wiretap. That statement was on February 16, 2014. The Defendant is said to have made a statement consistent with purchasing 22.5 ounces of cocaine. (D.I. 286, ¶1).[1]

On February 19, 2014, a CI agreed with the Defendant to purchase one ounce of cocaine. On February 20, 2014, the CI made various recordings between itself and the Defendant, culminating later that day in a controlled buy of the ounce of cocaine.

The Defendant seeks to suppress evidence of the purchase of the cocaine.

The Government asserts (correctly, I assume, although I am uncertain whether the record in this criminal case file contains that information) that the Defendant was named as a target in

---

[1] From the Government's papers, it would seem likely that the Government will dismiss Count II (which appears to be based primarily on the illegal interception), although the Government has not taken such action yet.

the wiretap. Thus, his existence as a drug dealer was known to the police before the illegal interception. The Government represents, consistent with the police report, that the CI and the Defendant arranged the deal the day before. It appears as though this arrangement was not monitored by the authorities, and it is not clear whether the CI had been asked to set up a deal or not, although I imagine the CI had been so asked.

It is likely that the "22.5 ounces of cocaine" piqued law enforcement's immediate interest in the Defendant.

The most salient point, however, is that it is undisputed that the crime for which the Government seeks to prosecute the Defendant, that is, distribution of cocaine, did not occur until four days after the illegal interception, and required independent intervening actions of both the Defendant and the CI, or the crime would not otherwise have occurred. Under the circumstances, the connection between the sale of cocaine and illegal interception is sufficiently remote that suppression of the controlled buy is not an appropriate use of the exclusionary rule.

The Supplement to Motion to Suppress (D.I. 281) is **DENIED**.

Entered this 23rd day of December 2014.

_Richard G. Andrews_
United States District Judge